You have requested our opinion as to whether a private attorney rendering pro bono legal representation to a client otherwise eligible for representation by the Office of Public Defender ("Public Defender") possesses the same immunity from liability for tortious acts or omissions as an Assistant Public Defender employed by the State of Maryland. You state that private attorneys wishing to provide pro bono representation frequently ask whether they would be immune from suit under the Maryland Tort Claims Act ("MTCA") if they represent indigent clients.
In our opinion, a private attorney who provides pro bono
legal services to an indigent client who has qualified for representation by the Public Defender enjoys the same immunity from liability under the MTCA as an Assistant Public Defender if the attorney is a part of a formal volunteer program to provide such services or if the Public Defender has formally recognized the attorney as a volunteer prior to the assignment.
 I Background
A. Office of the Public Defender
The General Assembly has created the Office of Public Defender to administer and enforce the State's constitutional obligation to provide legal counsel "to indigent accused taken into custody and indigent defendants in criminal and juvenile proceedings before the courts of the State." Annotated Code of Maryland, Article 27A, § 1. The primary duty of the Public Defender is to provide legal representation for indigent defendants eligible for its services. Article 27A, § 4(a). The Office of the Public Defender is divided into districts that coincide with the districts of the District Court, with a District Public Defender in charge of each local district. Article 27A, § 3. Eligibility for services of the Public Defender is determined on the basis of the financial need of the person seeking representation, taking into consideration a number of factors. Article 27A, § 7(a).[1]
The Public Defender provides legal services to eligible individuals in a number of ways. First, an attorney employed by the Public Defender — i.e., an Assistant Public Defender — may represent an individual. Article 27A, 4(a).
Second, at the direction of the District Public Defender, a private attorney known as a panel attorney may provide legal counsel. Article 27A, §§ 4(a), 6; see also § 6(b) ("Except in those cases where representation is provided by an attorney in the Office of the Public Defender, the district public defender . . . shall appoint attorneys from the appropriate panels to represent indigent persons."). For example, a panel attorney may provide counsel to an eligible defendant where there is a conflict in legal representation and one of multiple defendants is represented by the Public Defender, or where the Public Defender declines to provide representation. Article 27A, § 6(f). Upon petition, a panel attorney is compensated for his or her services according to a fee schedule established by the Public Defender and from funds authorized in the Public Defender's budget. Article 27A, § 6(d); see also § 5(2) (requiring the Public Defender to prepare schedules for fees to be paid to panel attorneys). While a panel attorney is to report to the Public Defender on his or her representation of indigent persons, the primary duty of the panel attorney is to his or her client "as though privately engaged by the indigent person." Article 27A, § 6(c).
Third, after the customary intake assessment to determine an individual's eligibility for representation, the Public Defender may refer the individual to private counsel who have volunteered to provide counsel to indigent defendants without a fee. See
Article 27A, § 5(6) (authorizing Public Defender to accept volunteer services). A private attorney may choose to represent an indigent defendant in order to satisfy his or her professionalpro bono obligation or to gain criminal trial experience.[2] Once such an attorney accepts a referral from the Public Defender, the private attorney reports to the Public Defender the number of hours he or she works on the case and is subject to the Public Defender's direction although, like a panel attorney, a pro bono attorney's primary duty is to the individual client.[3]
It is our understanding that, while many large private law firms currently carry policies that insure their attorneys during the course of pro bono criminal representation, many small and mid-size firms lack insurance for this type of risk and are reluctant to provide representation because of the increased cost of purchasing such coverage. You have accordingly inquired whether attorneys who provide pro bono representation upon referral from the Public Defender are entitled to immunity and coverage provided under the State's self-insurance program.
B. Maryland Tort Claims Act
The MTCA provides the legal framework for the self-insurance program operated by the Office of the State Treasurer. See
Annotated Code of Maryland, State Government Article ("SG"), § 12-101 et seq. and COMAR 25.02.01. The MTCA waives the State's immunity for tort actions that are filed in State court to the extent of the State's insurance coverage. SG § 12-104. In addition, SG § 12-105 provides that "State personnel shall have the immunity from liability described under § 5-522(b) of the Courts and Judicial Proceedings Article [`CJ']." This latter provision, in turn, accords to State personnel immunity from suit and from liability in tort if they have not acted with gross negligence or malice.[4]
The term "State personnel" includes, among others, a person who:
 1. is providing a service to or for the State;
 2. is not paid in whole or in part by the State; and
 3. satisfies all other requirements for designation as State personnel as may be set forth in regulations adopted by the Treasurer pursuant to Title 10 of this article.
SG § 12-101(a)(3)(ii).
The Treasurer has adopted a regulation which elaborates that a volunteer is a person who:
 (a) Is performing services to or for a unit of State government, the employees of which are considered State personnel . . .;
 (b) Is engaged in the actual performance of the services . . . at the time of the incident giving rise to a claim; and
 (c) In the performance of the services . . .:
 (i) Is participating in a formal volunteer program, or
 (ii) Before the beginning of those services, is formally recognized by the unit as a volunteer.
COMAR 25.02.01.02B(8).
 II Analysis
A private attorney who provides pro bono representation to an individual who has qualified for representation by the Public Defender provides a service to the State and is not paid by the State. The attorney thus satisfies these two of the three statutory criteria for volunteers who qualify as "State personnel" for the purposes of the MTCA. See SG § 12-101(a)(3)(ii).[5] Whether such an attorney "satisfies all other requirements for designation as State personnel,"id., depends on whether the Public Defender operates a volunteer program encompassing that attorney or formally recognizes that attorney as a volunteer with respect to an eligible individual prior to the provision of legal services.
Under the State Treasurer's regulations, a "volunteer" is one who either participates in a "formal volunteer program" or "[b]efore the beginning of those services, is formally recognized by the unit as a volunteer." COMAR 25.02.01.02B(8). It is our understanding that currently the Public Defender does not formally recognize private counsel as volunteers. Although the Public Defender operates a volunteer program for law clerks and other legal interns, it apparently has no formal program for probono private counsel. On the other hand, the Public Defender keeps track of the hours of these private attorneys and acknowledges their contributions in "thank you" letters at the end of their representation of clients. Thus, in substance, if not in form, the Public Defender treats these pro bono lawyers as volunteers. See 78 Opinions of the Attorney General 377 (1993) (broadly construing the definition of volunteer to include juveniles assigned by court to community service).
If the Public Defender were to formally recognize these lawyers as volunteers at the beginning of their representation, these lawyers would meet the definition of volunteer established by regulation.[6] As volunteers, these attorneys are entitled to the same statutory immunity as State personnel, including that of an assistant public defender, from liability for tortious acts or omissions.[7] Compare Fox v. Wills, 390 Md. 620, 890
A.2d 726 (2006) (attorney appointed by the court as guardian adlitem not entitled to judicial immunity).
It might be argued that Article 27A does not provide for the Public Defender to assign private pro bono counsel to represent indigent defendants — as distinguished from panel attorneys who are compensated by the State. While Article 27A does not explicitly authorize representation by private counsel who work without a fee, the statute does authorize the Public Defender to accept "volunteer" services. Article 27A, § 5(6). Moreover, the General Assembly has no doubt been aware of the significant contributions of the private bar in this area and it has not believed it necessary to prohibit this activity. If Article 27A were interpreted to bar the Public Defender from assigning private counsel to represent indigent defendants, it would compel the Public Defender to find some other means of providing these clients representation and would deprive private counsel of a valuable way of meeting their pro bono obligations. Accordingly, in our view, Article 27A does not prohibit the referral of eligible individuals to private pro bono counsel.
 III Conclusion
In our opinion, a private attorney who provides pro bono
legal services to an indigent client who has qualified for representation by the Public Defender enjoys the same immunity from liability under the MTCA as an Assistant Public Defender if the attorney is a part of a formal volunteer program to provide such services or if the Public Defender has formally recognized the attorney as a volunteer prior to the assignment.
 J. Joseph Curran, Jr. Attorney General
 Mark J. Davis Assistant Attorney General
 Robert N. McDonald Chief Counsel Opinions and Advice
[1] The statute defines an indigent defendant as a person taken into custody or charged with a serious crime who affirms that "he is financially unable, without undue hardship, to provide for full payment of an attorney and all other necessary expenses of legal representation." Article 27A, § 2(f). A "serious crime" means a felony; or misdemeanor or offense which involves a penalty of confinement of more than three months or a fine of more than $500; any other offense which, in the opinion of the court, may require representation of the accused by an attorney; and an act that, except for the age of the person involved, would be a serious crime. Article 27A, § 2(h).
[2] Rule 6.1 of the Maryland Rules of Professional Conduct recommends that lawyers aim to render 50 hours of pro bono
service annually. Maryland Rule 16-903 requires all Maryland licensed attorneys to file annual reports with the Administrative Office of the Courts stating the number of hours of pro bono
service that they have rendered. Criminal law is one of the leading practice areas in which Maryland attorneys have providedpro bono services. See Final Report: Current Status of ProBono Service Among Maryland Lawyers, Year 2004 (October 11, 2005) at 15.
[3] It is our understanding that private attorneys provide a level of professional skill comparable to that of panel attorneys, whom the Public Defender classifies according to qualification criteria based upon "the nature and complexity of the type of offense requiring legal representation, the previous trial or appellate experience of the attorneys, and any other factors necessary to insure competent legal representation." Article 27A, § 6.
[4] CJ § 5-522(b) provides in part that:
 State personnel . . . are immune from suit in courts of the State and from liability in tort for a tortious act or omission that is within the scope of the public duties of the State personnel and is made without malice or gross negligence. . . .
[5] A panel attorney does not meet the definition of "volunteer," because a panel attorney is paid by the State. Similarly, a private attorney who represents a defendant who is not indigent does not provide a service to the State and thus does not qualify as "State personnel."
[6] We leave it to the Public Defender to decide how best to recognize formally the role of private counsel in providing legal representation. It is our understanding that for private attorneys who volunteer to handle appeals, the Public Defender conducts a training session and distributes instructional materials, including sample briefs.
[7] This Office has previously advised that such a volunteer is also included within the definition of State personnel — now found at SG § 12-401(10) — for purposes of seeking approval of payment of a settlement or judgment from the Board of Public Works with respect to certain other actions not covered by the MTCA. See Letter from Assistant Attorney General Evelyn O. Cannon to George P. Lipman (January 9, 1992). *Page 208